IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MITEZ T. ORMOND, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:20-cv-00661-RP |
| CTVSEH PLLC, d/b/a CENTRAL TEXAS | § | |
| VETERINARY SPECIALTY AND | § | |
| EMERGENCY HOSPITAL, | § | |
| Defendant. | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant CTVSEH, d/b/a Central Texas Veterinary Specialty and Emergency Hospital ("Defendant" or "CTVSEH"), by and through its counsel of record, and pursuant to Fed.R.Civ.P. (a)(1)(A) files its First Amended Answer to the Complaint of Plaintiff Mitez T. Ormond ("Plaintiff") and asserts it affirmative defenses as follows:

## INTRODUCTION

1. Admitted in part; denied in part. Neither the ADAAA nor the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.105 allow recovery of liquidated damages, so denied. Plaintiff's claim under the TCHRA is not timely made, so denied. Denied that Plaintiff was discriminated against regarding the terms and conditions of her employment.

## PARTIES

2. Admitted.

3. Admitted.

4. Denied.

1

## DISCOVERY LEVEL

5.     Neither admitted nor denied, as Tex. R. Civ. P. 190.3 is inapplicable to this case due to removal to federal court.

## JURISDICTION AND VENUE

6.     Admitted.

7.     Admitted, although the United States District Court for the Western District of Texas, Austin Division, also has jurisdiction over this cause of action under 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

8.     Admitted, although the United States District Court for the Western District of Texas, Austin Division, also has jurisdiction over this cause of action under 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

## PROCEDURAL REQUISITES

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Denied that Plaintiff has met the conditions precedent to filing a cause of action under the TCHRA, 21 Tex. Lab. Code §§ 21.202 and 21.254.

## FACTS

13.    Admitted.

14.    It is admitted that CTVSEH operates three veterinary facilities in Austin and Round Rock, Texas. It is admitted that Plaintiff reported directly to Dr. Stephanie Beardsley, but the remainder of the allegations of Paragraph 14 are denied.

14 (sic). Defendant is without sufficient information, knowledge or belief to admit or deny the allegations of Paragraph 15, as Plaintiff never informed Defendant of these allegations nor did she ever submit any written medical documentation while Plaintiff was employed by Defendant, and therefore, these allegations are denied.

15. Denied, as Plaintiff never informed Defendant of these allegations nor did she ever submit any written medical documentation of her alleged disability while Plaintiff was employed by Defendant. Defendant further denies the applicability of the two hearsay websites cited by footnote to this paragraph and denies that these websites support or are relevant or material to Plaintiff's allegations.

16. Denied that Plaintiff's alleged medical condition substantially impacts several major life and work activities, as this allegation is vague, ambiguous and nonspecific, and assumes that Plaintiff is an individual with a covered disability under the Americans with Disabilities Act, as amended, which is denied. Denied that Plaintiff received a good performance review in May 2018. Denied that Plaintiff was able to complete her duties in a timely manner. All remaining allegations in Paragraph 16 are denied.

17. Admitted that Plaintiff worked as a salaried Accounts Receivable Manager, rarely on weekends, and that she was permitted to work from home on occasion, with the prior approval of Dr. Beardsley. All remaining factual allegations in Paragraph 17 are denied.

18. Denied.

19. Denied.

20. Denied.

21. It is denied that Plaintiff was normally expected to report to work after 8:35 a.m. or that it was clear from a text message she sent to Dr. Beardsley on July 20, 2018 was a request to

work from home. It is admitted that Plaintiff never responded to Dr. Beardsley's directive to return CTVSEH business records and personal checks and other monies belonging to CTVSEH via courier. All remaining allegations in Paragraph 21 are denied.

22. Denied.

23. It is admitted that Plaintiff was notified of her termination on July 22, 2018 due to her failure to call in sick on July 20, as well as her failure to respond to Dr. Beardsley's directive to immediately courier CTVSEH business records and money, and the other performance issues which previously had been discussed with Plaintiff. All remaining allegations in Paragraph 23 are denied.

24. Denied.

### CAUSE OF ACTION – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND TEX. LAB. CODE § 21.105

25. Except as otherwise admitted herein as to Paragraphs 1-24, denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### CAUSE OF ACTION-FAMILY MEDICAL LEAVE ACT ("FMLA") – INTERFERENCE

34. Except as otherwise admitted herein as to Paragraphs 1-24, denied.

35. Denied.

36. Denied.

37. Denied.

## JURY DEMAND

38. Defendant is without sufficient knowledge or information as to whether Plaintiff has satisfied the requisites to demand a jury trial as alleged in the unnumbered Paragraph following Jury Trial, and therefore denies same.

## REQUEST FOR DISCLOSURE

39. Because of the removal of this action to federal court, the contents of the unnumbered paragraph below Plaintiff's Request for Disclosure have been rendered moot since this matter will be governed by the Federal Rules of Civil Procedure.

## PRAYER

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered Prayer clause, including subparts (a) through (e), and respectfully requests that the Court dismiss the Complaint (Original Petition) in its entirety, and enter judgment in favor of Defendant and against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint (Original Petition) fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiff's TCHRA claims are barred, in whole or in part, by applicable statutes of limitations.

## THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of waiver and estoppel.

## FOURTH DEFENSE

Plaintiff's claims under the Americans with Disabilities Act are barred to the extent that Plaintiff is not a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8) and has no standing to initiate this action and no right to any relief under the ADAAA.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because all employment decisions made with regard to Plaintiff were at all times motivated by legitimate, non-discriminatory and lawful factors, and CTVSEH at no time acted in an unlawful manner in connection with any decision regarding Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent Defendant made good faith efforts to reasonably accommodate Plaintiff.

## SEVENTH DEFENSE

Plaintiff cannot establish that she was subjected to interference because she did not provide sufficient information to reasonably apprise Defendant that she suffered from a serious health condition for which she needed leave.

## EIGHTH DEFENSE

Plaintiff cannot establish that she was subjected to leave interference because she failed to follow Defendant's policy for reporting absences and ignored specific directives.

## NINTH DEFENSE

Plaintiff did not give Defendant notice of her intention or request to take FMLA leave, and she was not denied FMLA leave.

## TENTH DEFENSE

Plaintiff cannot recover under the FMLA because she failed to give proper notice of a need to take FMLA leave within the time prescribed by the employer's usual notice requirements for such leave.

## ELEVENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

## TWELFTH DEFENSE

Plaintiff's punitive damages claims are barred because CTVSEH did not act with malice or with reckless indifference to the federally protected rights of Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because CTVSEH made good faith efforts to comply with the ADA, the FMLA and other applicable laws.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to liquidated damages under the ADA or the TCHRA as alleged in her original complaint.

WHEREFORE, premises considered, Defendant CTVSEH denies that Plaintiff is entitled to any of the relief requested in her Complaint, and respectfully requests that the Court dismiss the Complaint in its entirety, and enter judgment in favor of Defendant and against Plaintiff.

Respectfully submitted,

BETSY HALL BENDER
Attorney at Law
P.O. Box 340505
Austin, Texas 78734-0505
(512) 346-7292 (Telephone)
(512) 338-4401 (Fax)
bhb@bhbender.com

By: *Betsy Hall Bender*
BETSY HALL BENDER
Bar No. 08743800

**ATTORNEYS FOR DEFENDANT CTVSEH PLLC, d/b/a CENTRAL TEXAS VETERINARY & SPECIALTY EMERGENCY HOSPITAL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's First Amended Answer has been sent by Electronic Mail on this the 8th day of July, 2020, to the following counsel of record:

Benjamin F. Foster *(Via Email ben@fsfirm.com)*
Foster Salisbury PLLC
405 Main Street, Suite 722
Houston, TX 77002

By: *Betsy Hall Bender*
Betsy Hall Bender